1

2

3

4

5

6

7                                UNITED STATES DISTRICT COURT
                                EASTERN DISTRICT OF WASHINGTON
8

9   ROBERT E. SUTTON                        )
                                            )   No. 12-CV-035-JPH
           Plaintiff,                       )
10                                          )
                                            )
11  v.                                      )   ORDER GRANTING DEFENDANT'S
                                            )   MOTION FOR SUMMARY
12  CAROLYN W. COLVIN,[1]                    )   JUDGMENT AND DENYING
    Commissioner of Social Security,        )   PLAINTIFF'S MOTION FOR
                                            )   SUMMARY JUDGMENT
13         Defendant.                       )
                                            )
14                                          )
                                            )
15                                          )

16         BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.15, 18.) Attorney

17  Jeffrey Schwab represents plaintiff; Special Assistant United States Attorney David I. Blower represents

18  defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec.7.) After reviewing

19  the administrative record and briefs filed by the parties, the court **GRANTS** defendant's Motion for

20  Summary Judgment and **DENIES** plaintiff's Motion for Summary Judgment.

21                                       **JURISDICTION**

22         Plaintiff Robert E. Sutton (plaintiff) protectively filed for supplemental security income (SSI) and

23  disability insurance benefits (DIB) on March 21, 2007. (Tr. 127, 130, 138.) Plaintiff alleged an onset date

24  of May 1, 2006. (Tr. 127, 130.) Benefits were denied initially and on reconsideration. (Tr. 78, 83, 86.)

25  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ

26

27         [1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
    Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for
28  Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by
    reason of the last sentence of 42 U.S.C. § 405(g).

    ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

1   Christopher H. Juge on October 9, 2009. (Tr. 39-73.) Plaintiff was represented by counsel and testified

2   at the hearing. (Tr. 44-65, 66-69.) Vocational expert Deborah LaPointe also testified. (Tr. 65-72.) The

3   ALJ denied benefits (Tr. 20-32) and the Appeals Council denied review. (Tr. 1.) The matter is now before

4   this court pursuant to 42 U.S.C. § 405(g).

5                        **STATEMENT OF FACTS**

6        The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and

7   the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

8        Plaintiff was 40 years old at the time of the hearing. (Tr. 44.) He has a GED. (Tr. 44.) He has work

9   experience as a welder. (Tr. 45-46.) He last worked in 2006 when he was diagnosed with hepatitis C. (Tr.

10   45.) Although his hepatitis C is in remission, plaintiff testified he has the physical symptoms he had when

11   he first got sick. (Tr. 45.) He gets worn out, shaky, and nauseous when he tries to do work like mowing

12   the lawn. (Tr. 45.) Plaintiff testified he does not have the strength to do a lot of anything, he gets

13   exhausted quickly, gets shaky, is weak, and has nausea. (Tr. 47.) He can work for 10-15 minutes and then

14   needs a break. (Tr. 47-48.) When he stands or sits for a little while he starts aching and hurting. (Tr. 55.)

15   Plaintiff thinks no one will hire him because of his condition. (Tr. 53.) Depression causes some of his

16   symptoms. (Tr. 60.) He testified he cannot concentrate for very long, has problems paying attention and

17   focusing, and has problems being around people. (Tr. 63.)

18                        **STANDARD OF REVIEW**

19        Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C.

20   § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the

21   determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,*

22   760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The

23   [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are

24   supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42

25   U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

26   1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-

27   602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir.

28   1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

1    If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step

2    two and determines whether the claimant has a medically severe impairment or combination of

3    impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe

4    impairment or combination of impairments, the disability claim is denied.

5    If the impairment is severe, the evaluation proceeds to the third step, which compares the

6    claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be

7    so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii);

8    20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the

9    claimant is conclusively presumed to be disabled.

10   If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the

11   fourth step, which determines whether the impairment prevents the claimant from performing work he

12   or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is

13   not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

14   functional capacity ("RFC") assessment is considered.

15   If the claimant cannot perform this work, the fifth and final step in the process determines whether

16   the claimant is able to perform other work in the national economy in view of his or her residual

17   functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

18   416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

19   The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement

20   to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d

21   1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or

22   mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts,

23   at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful

24   activity and (2) a "significant number of jobs exist in the national economy" which the claimant can

25   perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

26                                    **ALJ'S FINDINGS**

27   At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in

28   substantial gainful activity since May 1, 2006, the alleged onset date. (Tr. 22.) At step two, the ALJ found

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

1   plaintiff has the following medically determinable impairment: hepatitis C in remission. (Tr. 22.) At step

2   three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or

3   medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 23.) The ALJ

4   then determined:

5         [C]laimant has the residual functional capacity to perform light work,
          generally defined in 20 CFR 404.1567(b) and 416.967(b) as work
6         requiring lifting/carrying no more than 10 pounds frequently and 20
          pounds occasionally, and no more than 6 hours of standing/walking in an
7         8 hour workday, with additional nonexertional limitations of providing the
          claimant the option to alternate sitting and standing at one-hour intervals,
8         and limiting the climbing of ropes, ladders, scaffolds, stairs and ramps to
          4 hours a day.
9
10  (Tr. 24.) At step four, the ALJ found plaintiff is unable to perform any past relevant work (Tr. 30.) After

11  considering plaintiff's age, education, work experience, residual functional capacity, and the testimony

12  of a vocational expert, the ALJ determined there are jobs that exist in significant numbers in the national

13  economy that the plaintiff can perform. (Tr. 31.) Thus, the ALJ concluded plaintiff has not been under

14  a disability as defined in the Social Security Act from May 1, 2006, through the date of the decision. (Tr.

15  31.)

                                    **ISSUES**

16
17      The question is whether the ALJ's decision is supported by substantial evidence and free of legal

18  error. Specifically, plaintiff asserts: (1) the ALJ failed to properly identify plaintiff's severe impairment;

19  (2) the ALJ erred at step three by failing to obtain the testimony of a medical expert; and (3) the ALJ's

20  hypothetical to the vocational expert was flawed. (ECF No.16 at 4-10.) Defendant argues: (1) the ALJ's

21  step two finding was reasonable and (2) the ALJ posed a complete hypothetical to the vocational expert.

22  (ECF No. 19 at 10-19.)

                                  **DISCUSSION**

23
**1.      Step Two**

24
        Plaintiff argues the ALJ erred in determining plaintiff's impairment at step two. (ECF No. 16 at

25  4-9.) At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a

26  "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic

27  work activities. 20 C.F.R. § 416.920©. To satisfy step two's requirement of a severe impairment, the

28  claimant must prove the existence of a physical or mental impairment by providing medical evidence

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

1  consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone

2  will not suffice. 20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not

3  automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security

4  regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545,

5  1549050 (9th Cir. 1985).

6      The Commissioner has passed regulations which guide dismissal of claims at step two. Those

7  regulations state an impairment may be found to be not severe when "medical evidence establishes only

8  a slight abnormality or a combination of slight abnormalities which would have no more than a minimal

9  effect on an individual's ability to work." S.S.R. 85-28. The Supreme Court upheld the validity of the

10  Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-

11  54 (1987). "The severity requirement cannot be satisfied when medical evidence shows that the person

12  has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work

13  activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

14  seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions;

15  responding appropriately to supervision, coworkers and usual work situations; and dealing with changes

16  in a routine work setting." *Id.*

17      Further, even where non-severe impairments exist, these impairments must be considered in

18  combination at step two to determine if, together, they have more than a minimal effect on a claimant's

19  ability to perform work activities. 20 C.F.R. § 416.929. If impairments in combination have a significant

20  effect on a claimant's ability to do basic work activities, they must be considered throughout the

21  sequential evaluation process. *Id.*

22      Plaintiff first appears to argue the ALJ erred in finding plaintiff's hepatitis C in remission is a

23  severe impairment. (ECF No. 16 at 4.) Plaintiff asserts that hepatitis C in remission is "by definition" a

24  non-severe impairment and concludes the ALJ therefore erred. (ECF No. 16 at 4.) First, even if the ALJ

25  erred in finding hepatitis C in remission is a severe impairment, the error is to plaintiff's benefit and is

26  therefore harmless error. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Second, as defendant

27  points out, plaintiff continued to complain of physical symptoms despite having an undetectable hepatitis

28  C viral load indicating a "cure" of hepatitis C. (ECF No. 19 at 11, Tr. 47, 55, 509.) The ALJ resolved the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

1    conflict between plaintiff's testimony and the objective evidence in plaintiff's favor, assessing a limitation

2    to light work and including nonexertional limitations in the RFC. (Tr. 24.) Plaintiff does not argue the

3    physical limitations assessed by the ALJ are unnecessary or inappropriate. Substantial evidence supports

4    the ALJ's findings and therefore, there is no error with respect to the ALJ's finding that hepatitis C in

5    remission is a severe impairment.

6          Plaintiff also argues the ALJ erred in not finding plaintiff's depression is a severe impairment.

7    (ECF No. 16 at 5-9.) Plaintiff cites evidence of plaintiff's depression but fails explain how or why the

8    ALJ's findings about plaintiff's depression are erroneous. (ECF No. 16 at 5-9.) The ALJ considered the

9    four broad functional areas set forth in the regulations for evaluation of mental disorders and concluded

10   the evidence reflects plaintiff has mild limitations in each of the first three functional areas, including

11   activities of daily living, social functioning and concentration, persistence or pace. (Tr. 23.) In the fourth

12   functional area, plaintiff had no episodes of decompensation of extended duration. (Tr. 23), 20 C.F.R.

13   404.1520a(d)(1) and 416.920a(d)(1), 20 C.F.R. Part 404, Subpart P, Appendix 1. As a result, the ALJ

14   explained that although depression is a medically determinable impairment, it does not cause more than

15   a minimal limitation in plaintiff's ability to perform basic mental work activities and is therefore non-

16   severe. (Tr. 23.)

17         The ALJ discussed the evidence supporting these findings throughout the decision. (Tr. 25-30.)

18   The ALJ observed that in August 2006, plaintiff was prescribed Paxil for his complaints of depression,

19   anxiety over family issues, poor concentration and irritability. (Tr. 230-31.) However, his treating

20   physician, Dr. Slapnicka, noted he did not take the medication because, "At this point he is not interested

21   in treatment."(Tr. 233.) In February 2007, plaintiff screened positive for depression by the CES-D

22   psychometric testing. (Tr. 248.) Dr. Tucker, his treating physician for hepatitis C, prescribed Fluoxetine

23   and after a few weeks, plaintiff's mood was "much, much improved" and after a month plaintiff reported

24   the medication had been "very, very helpful." (Tr. 247-48, 250, 255.)

25         In May 2007, plaintiff began counseling for major depressive disorder. (Tr. 25, 300.) Symptoms

26   included depressed mood, insomnia, lack of motivation, motor retardation, poor concentration, decreased

27   appetite, anhedonia and social withdrawal. (Tr. 308.) Treatment records reflect Prozac was helpful and

28   plaintiff was physically active to keep his mind off cigarettes and alcohol. (Tr. 25, 300-04, 416-22). The

ALJ pointed out plaintiff continued to report improved energy and activity levels while also complaining of fatigue, memory problems and lack of motivation. (Tr. 25, 300, 303-04, 417). In December 2007, plaintiff told Dr. Slapnicka he had run out of antidepressant but did not feel he needed it any more. (Tr. 487.) By January 2008, plaintiff was complaining that he was grumpy, "antsy," and impatient and was having difficulty with concentration. (Tr. 425.) He told his counselor he had stopped taking Prozac after completing hepatitis C treatment and he thought it might be affecting his mood. (Tr. 426.) In February 2008, plaintiff reported feeling more energetic and was continuing to remain active. (Tr. 25, 428-29.) Antidepressants were reinitiated in March 2008. (Tr. 408, 430.) By May 2008, plaintiff reported doing much better on Paxil and his depression was stable. (Tr. 434-39, 510.)

In September 2008, John W. Laughlin, MS, PA-C, completed a psychological evaluation. (Tr. 26, 442-43.) Plaintiff reported his irritability level was high but medication helped. (Tr. 442.) Plaintiff described himself as feeling somewhat depressed, though he was able to read books, concentrate and focus, and watch movies. (Tr. 442.) On exam, plaintiff was cooperative and mildly anxious. (Tr. 443.) His thought process was goal oriented with continuity of ideas, his judgment was intact and his mood was largely euthymic. (Tr. 443.) His attention and concentration span were mostly intact, although plaintiff reported disruption of memory. (Tr. 443.) Mr. Laughlin diagnosed probable major depressive disorder, recurrent, probably in partial remission. (Tr. 443.)

On March 16, 2009 plaintiff told Dr. Slapnicka he was feeling quite happy and not depressed and he was taking Paxil for depression and Trazodone for insomnia. (Tr. 532.) On March 20, 2009, plaintiff reported feeling "quite depressed" and had episodes of anger, very low patience and very low attention span. (Tr. 536.) Plaintiff told Dr. Slapnicka he was off Paxil and Dr. Slapnicka advised him to re-start the medication. (Tr. 536.) As the ALJ noted, "In general, the medical evidence discussed above shows a marked contrast between the claimant's good results when on medications and his poor results when off the medications." (Tr. 30.) Plaintiff argues, "But for short periods of improvement, the predominant story told by the medical providers who treated the claimant for depression is that the plaintiff's depression is chronic and disabling." (ECF No. 16 at 5.) Even if plaintiff's interpretation of the evidence is reasonable, and the court does not find that it is, the ALJ's decision must be upheld when the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

750 (9th Cir. 1989). The record reasonably supports the ALJ's conclusion that when plaintiff was taking antidepressants, his depressive symptoms subsided, and when he stopped taking them, his depressive symptoms returned. *See Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Furthermore, evidence relied on by plaintiff was rejected by the ALJ. Plaintiff cites the findings of Dr. Goodwin, a psychologist who evaluated plaintiff in October 2009. (Tr. 560-67.) Dr. Goodwin diagnosed major depressive disorder, recurrent, moderate and dysthymic disorder. (Tr. 561.) He assessed four marked and two moderate limitations. (Tr. 563.) Plaintiff argues the limitations assessed by Dr. Goodwin would preclude substantial gainful activity. (ECF No. 16 at 8.) However, Dr. Goodwin's opinion was assigned little weight by the ALJ for a number of reasons, none of which are challenged by plaintiff. A treating or examining physician's opinion which is contradicted by another opinion can be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Dr. Goodwin's opinion was contradicted by the opinions of Dr. Flanagan and Dr. Kraft, reviewing psychologists who concluded plaintiff has no severe impairment. (Tr. 281-94, 379.) As a result, the ALJ could properly reject Dr. Goodwin's opinion by providing specific, legitimate reasons supported by substantial evidence.

The ALJ cited several specific, legitimate reasons supported by the record in rejecting Dr. Goodwin's opinion. First, the ALJ found Dr. Goodwin's opinion is not consistent with or supported by medical evidence of record. The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Second, the ALJ found Dr. Goodwin assessed limitations by checkmarks on a form rather an individualized assessment of plaintiff's limitations. Individual medical opinions are preferred over check-box reports. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). The ALJ also observed Dr. Goodwin wrote plaintiff "cannot work w/out meds" (Tr. 563) which gives rise to the inference that plaintiff can work with medication. (Tr. 29-30.) An impairment effectively controlled with medication is not disabling. *Warre*, 439 F.3d at 1006. These are specific, legitimate reasons supported by substantial evidence in the record. Plaintiff does not challenge the ALJ's findings regarding Dr. Goodwin, and the ALJ did not err in rejecting Dr. Goodwin's opinion. As a result, plaintiff's reliance on Dr. Goodwin's opinion is misplaced.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

The ALJ also pointed out plaintiff's daily activities are inconsistent with his allegations of depression. (Tr. 28.) The ALJ observed plaintiff is able to maintain personal hygiene and grooming, drive, read, hunt, camp, go to the shooting range, attend computer classes, and care for his home and his young child and grandchild. (Tr. 28; e.g., 303, 345, 351, 416, 418, 429, 435, 443-44.) Plaintiff's cognition is intact and he has experienced no episodes of decompensation of extended duration. (Tr. 28.) As a result, the ALJ concluded plaintiff's subjective complaints do not warrant any additional limitations beyond those in the residual functional capacity finding.[2] (Tr. 28.) Thus, even if the ALJ erred at step two by failing to identify depression as a severe impairment, any error is harmless because the ALJ analyzed the evidence and considered evidence of depression in developing the RFC finding. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984). The ALJ's finding that no mental limitations are supported by the evidence is reasonable.

**2.    Medical Expert**

Plaintiff argues the ALJ erred by failing to obtain the testimony of a medical expert regarding plaintiff's mental health impairment regarding equivalency at step three. (ECF No. 16 at 9.) Plaintiff's argument fails for several reasons. First, because the ALJ properly found plaintiff's depression is not severe at step two, he could not have erred at step three regarding equivalency of a non-severe impairment. Second, plaintiff has failed to meet his burden to establish his impairments meet or equal a listing; in fact, plaintiff has not even identified which listing is alleged to be met or equaled *Roberts v. Shalala*, 66 F.3d 179, 182 99th Cir. 1995); *see Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990) (burden is on the claimant to show that his impairment meets all of the specified medical criteria for a listing, or present medical findings equal in severity to all the criteria for the one most similar listed impairment); *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to

[2]The ALJ found plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms are not credible, and plaintiff does not challenge the credibility finding. (Tr. 26.) If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide clear and convincing reasons for rejecting a claimant's subjective complaints. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The court concludes the reasons cited by the ALJ in making the negative credibility determination are clear and convincing and are supported by substantial evidence.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

1   establish that his or her impairment meets or equals a listing."). Third, plaintiff has failed to cite any
2   authority for the proposition that the ALJ is required to call a medical expert at step three.[3] The
3   administrative law judge is responsible for deciding the ultimate legal question about whether a listing
4   is met or equaled. S.S.R. 96-6p. The regulations provide an ALJ *may* ask for and consider the opinion
5   of a medical expert on the issue of whether an impairment meets a listing. 20 CFR § 404.1527 (2)(iii).
6   For these reasons, the ALJ did not err with respect to step three and plaintiff's medically determinable
7   but non-severe mental health impairment.

8   **3.      Hypothetical**

9          Plaintiff argues the ALJ erred by positing a flawed hypothetical to the vocational expert. (ECF
10  No. 16 at 9.) The ALJ's hypothetical must be based on medical assumptions supported by substantial
11  evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3D 1157,
12  1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical
13  record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The ALJ is not bound to accept as true the
14  restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrook*, 240
15  F.3d at 1164; *Magallenes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d
16  771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as they are supported
17  by substantial evidence, even when there is conflicting medical evidence. *Magallenes*, 881 F.2d at *id.*
18  Plaintiff's argument is based on the assumption that the ALJ erred at step two. The ALJ's step two
19  finding is supported by substantial evidence, discussed *supra*. The ALJ therefore properly excluded
20  mental health limitations from the RFC and hypothetical to the vocational expert. The hypothetical
21  contained the limitations the ALJ found credible and supported by substantial evidence in the record. The
22  ALJ's reliance on testimony the VE gave in response to the hypothetical was therefore proper. *See id.*;
23  *Bayliss v. Barnhart*, 427 F. 3d 1211, 1217-18 (9th Cir. 2005). Therefore, the ALJ did not err.

24

25

26

27

28      [3]The case cited by plaintiff, *James v. Apfel*, 174 F.Supp. 2d 1125, 1130 (W.D. Wash. 2001), does
        not require a medical expert on the issue of equivalency or even mention the term "medical expert."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment **(ECF No. 18)** is **GRANTED.**

2.      Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED March 27, 2013

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12